UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
ROBERT I. REED,

                             Plaintiff,

    v.                                                       9:05-CV-1496
                                                                 (TJM)(DRH)

OFFICER MAHUNIC, Correction Officer,

                             Defendant.
------------------------------------------------------------------------

APPEARANCES:                           OF COUNSEL:

ROBERT REED
Plaintiff, *pro se*
93-B-1119

HON. ANDREW M. CUOMO             RISA L. VIGLUCCI, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

## DECISION and ORDER

      The Clerk has sent to the Court a second Motion to Compel discovery filed by Robert Reed ("Plaintiff" or "Reed"), who is currently incarcerated at Altona Correctional Facility. Dkt. No. 30.

      By way of background, this action was filed on November 30, 2005. The Defendant served his Answer on April 17, 2006. Dkt. No. 7. Thereafter, on December 19, 2006 this Court granted Plaintiff leave to amend his Complaint. Dkt. No. 17. The amended Complaint was filed on December 26, 2006 (Dkt. No. 18), and the Defendant answered the Complaint on January 8, 2007. Dkt. No. 19.

      Plaintiff filed his first Motion to Compel on January 8, 2007. Dkt. No. 20. In

denying Plaintiff's first Motion to Compel, the Court noted that:

> Plaintiff did not comply with Local Rule 26.2, which provides in relevant part that "Any motion pursuant to Fed.R.Civ.P. 37 shall be accompanied by the discovery materials to which the motion relates if those materials have not previously been filed with the Court.

Dkt. No. 23.  In addition, the Court noted that "Plaintiff does not address the substance of any of the demands that the Defendant objected to or did not answer." *Id.*  Finally, the Court noted that Plaintiff failed to confer with Defendant' counsel prior to brining his Motion. *Id.*

Plaintiff's second Motion to Compel does not contain the discovery demands that he served on the Defendant.  Rather, the Motion simply states that his Motion is brought to compel the Defendant "to produce all of the documents that have been requested in Exhibit 1 and Exhibit 2.  Dkt. No. 30.

Exhibit 1 is a letter to Defendant's counsel dated March 19, 2007.  The letter states:

> I requested material that would impeach the credibility of the defendant and that would show that he has a history of writing false and retaliatory misbehavior reports.

Dkt. No. 30, Exhibit A.

Exhibit 2 is a letter to Defendant's counsel, dated April 15, 2007, wherein Plaintiff lists the numbers of paragraphs of Interrogatories and Requests for Documents that he wants responses to.  However, Plaintiff never identifies the Interrogatories and Requests for Documents, or states when these demands were served.  In addition, Plaintiff fails to set forth the substance of the specific demands at issue, the objections raised by Defendant, or any response to Defendant's objections.  Thus, Plaintiff has

wholly failed to advise the Court of the specifics of his demands, or why he is entitled to the information sought in each individual demand. In other words, Plaintiff has left the Court wholly uninformed regarding the nature of the dispute between the parties and has made it impossible for this Court to grant Plaintiff any relief. Accordingly, the Motion to Compel must be denied.

WHEREFORE, it is hereby

ORDERED, that Reed's Motion to Compel (Dkt. No. 30) is denied, and it is further

ORDERED, that the dispositive motion filing deadline is re-set to **December 28, 2007**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:  November 8, 2007

David R. Homer
United States Magistrate Judge